UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WAYEA HALLOWANGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00951-JSD |
| ) | |
| OFFICER UNKNOWN ANDERER and ) | |
| OFFICER UNKNOWN LEVY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Wayea Hallowanger brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $20.80. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. ECF No. 1 at 2. His motion to proceed without prepaying fees and costs states that he has no income. ECF No. 3. However, the inmate account statement that he filed in support of his motion shows average monthly deposits of $104 and an average monthly balance of $2.60 (as of the first of each month), for the six months preceding the filing of this suit. ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $20.80, which is twenty percent of Plaintiff's average monthly deposit. *See* 28 U.S.C. § 1915(b)(1).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is a convicted and sentenced state court prisoner.  ECF No. 1 at 2.  He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against two St. Louis County police officers, Unknown Anderer and Unknown Levy, in both their individual and official capacities. *Id.* at 2-3.  The allegations of Plaintiff's complaint, in his own words, are as follows:

> On Dec 13, 2022 I was falsely arrested without probable cause for one count of Murder.  I was denied of my Fourteenth Amendment as Law Enforcement falsely imprisoned me on a 24 hour hold.  St. Louis County Police officers arrested me on the grounds I placed an order for food.  I was taken to St. Louis County Justice Center an[d] held illegally against my will.  I had become a victim of a Malicious prosecution by law enforcement without proper ground for arrest.  On the above date Law Enforcement violated me of my Fourth Amendment as they seized me and my phone[. T]he seizure of my phone was by officer Anderer and the seizure of me was done by officers Anderer and Levy.  I had not been informed why I was being detained nor had any officer read me my Miranda Rights.  St. Louis County law enforcement officer employed fraudulent investigatory techniques to fabricate evidence to a false arrest.  The action employed by the false arrest resulted in a wrongful conviction, deprivation of rights and abuse of power by law enforcement in preventing use of a process.  I would like to bring suit against the officers named in the above statement.

*Id.* at 5.

For relief, Plaintiff seeks $500,000 for false arrest and pain and suffering. *Id.* at 6.

### Plaintiff's State Court Criminal Case

Independent review of Plaintiff's criminal case on Missouri Case.net, the State of Missouri's online docketing system, shows that Plaintiff was arrested on December 13, 2022, by Officer Timothy Anderer on charges of first-degree murder and armed criminal action. *State v. Hallowanger*, No. 22SL-CR09006 (21st Jud. Cir. filed Dec. 15, 2022). According to Officer Anderer's statement, Plaintiff was suspected of ordering pizza for delivery to a vacant apartment and then shooting the delivery driver as he prepared to complete the delivery. The driver called 911 before dying. An investigation found that Plaintiff was the person who ordered the pizza. He was arrested and after being read his Miranda rights, Anderer states that Plaintiff admitted to ordering the pizza to the vacant apartment and being present at the vacant apartment. Plaintiff was ordered to be held without bond.

On May 22, 2024, a jury found Plaintiff guilty of murder and armed criminal action. On July 19, 2024, Plaintiff was sentenced to life in prison with the Missouri Department of Corrections, plus a three-year consecutive sentence. Plaintiff's appeal of the conviction was recently denied by the Missouri Eastern District Court of Appeals on November 12, 2025. *State v. Hallowanger*, No. ED112848 (Mo. Ct. App. filed July 31, 2024).

### Discussion

After careful review and liberal construction of the allegations of the complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). This federal court is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), from allowing a § 1983 damages claim from proceeding that would necessarily imply the invalidity of Plaintiff's conviction or sentence given that Plaintiff's conviction has not

already been reversed, expunged or called into question by issuance of a writ of habeas corpus. For this reason, this case will be dismissed without prejudice.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). One of the rights secured by the Constitution is the Fourth Amendment's protection from unreasonable searches and seizures and its guarantee that a warrant may not issue without probable cause. U.S. CONST. amend. IV.

However, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Here, Plaintiff's claims relate to the legitimacy of his criminal conviction. He alleges that Defendants illegally arrested and imprisoned him, and that their actions led to his wrongful conviction. Plaintiff seeks money damages but not injunctive relief or release from custody. Clearly, a finding by this Court that the allegedly unlawful acts of Defendants caused Plaintiff's

unconstitutional imprisonment, would render Plaintiff's criminal conviction or sentence invalid. As discussed above, Plaintiff's conviction and sentence have not been invalidated previously by any court to have considered them. His state-court appeal was recently denied. Moreover, Plaintiff makes no showing that his conviction or sentence has been rendered invalid. Therefore, Plaintiff's claims here are not cognizable under § 1983 and are subject to dismissal for failure to state a claim. *See Anderson v. Franklin Cnty., Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999) (affirming district court's dismissal without prejudice of plaintiff's § 1983 damages claim that would question the validity of his conviction that had not been invalidated); *Schafer*, 46 F.3d at 45 (affirming district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $20.80 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Officer Unknown Anderer and Officer Unknown Levy because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Officer Unknown Anderer and Officer Unknown Levy are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of November, 2025.

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE